SHEFFIELD *et al. v.* FIRST NATIONAL BANK OF COLQUITT.

RUSSELL, C. J. 1. It was error to grant an injunction and appoint a receiver. The plaintiff in the complaint for land did not sufficiently establish its title to the premises of which it sought possession.

(a) As a general principle, administrators cannot sell the land and notes of their decedents without an order of the court of ordinary authorizing the sale; and in this case, in the absence of proof that the administrator received the full amount of the debt due to the estate of his intestate, the effort to convey title to land which had been pledged as security for debt was unauthorized and ineffective to convey title to the plaintiff.

(b) The will which was introduced in evidence not conferring any power of sale to the executors, the deed of said executors, in pursuance of a sale of the note to the plaintiff, was, for the reasons stated in the preceding headnote, ineffective to convey title.

(c) The mortgage and mortgage fi. fa. introduced in evidence do not constitute a muniment of title, there having been no sale or purchase under

the mortgage fi. fa., and consequently no deed from the sheriff or other levying officer.

(d) While there appears in the record a security deed from one of the defendants to the plaintiff upon which a recovery of the land might have been had in behalf of the bank against such defendant, this deed was not set out in the abstract of title; and upon objection thereto upon this ground the deed was admitted upon plaintiff's motion solely for no other purpose than that of showing the necessity of the appointment of a receiver,—the plaintiff expressly disclaiming that it relied upon the deed as a muniment of title in the case then on trial.

2. The plaintiff having failed to show title, the evidence as to waste, insolvency, etc., did not authorize injunction or the appointment of a receiver. Under the pleadings and the evidence it does not appear that the plaintiff would lose any of its debts unless the acts of trespass were enjoined and unless a receiver was appointed to take charge of these lands, collect the rents, and apply the proceeds to the payment of the defendants' debts, even if the plaintiff otherwise made out a case for the appointment of a receiver.

*Judgment reversed. All the Justices concur.*

No. 3672. FEBRUARY 12, 1924.

Equitable petition. Before Judge Custer. Baker superior court. December 4, 1922.

*W. I. Geer,* for plaintiffs in error.

*N. L. Stapleton,* contra.